Green, Judge,
concurring:
I concur in the opinion of Judge Littleton but wish to add some observations on the case.
The defense of the defendant as set forth in its brief seems to be based largely upon the fact that the construction of the building itself was let by the defendant to another contractor and that the defendant consequently was not responsible for any delays in its erection. I think the opinion of Judge Littleton shows very clearly that this is no defense under the circumstances of the case and that the authorities cited by defendant’s counsel are not applicable to the situation which we have before us. I would, however, go farther than this.
As the stoppage of the work was caused by the orders of the defendant’s authorized agent, the construction officer, the defendant was directly responsible for the stoppage and the consequences which followed from it. Plaintiff’s contract with, defendant fixed a time for the completion of the building and the work of plaintiff. After the contract had *105 been entered into, the defendant, through its construction officer, by written notice, called plaintiff’s[1] attention to this requirement. The time for completion was one of the specifications of the contract and there is always an implied warranty that the specifications are adequate for the work to be done. See United States v. Spearin, 248 U. S. 132, 136, where this rule is laid down. When the defendant ordered the work stopped, and continued its stoppage for the period stated in Judge Littleton’s opinion, it obviously changed the contract and by this breach became liable for the damage caused to plaintiff by this act. But if the defendant be not held directly liable, it is clearly liable under Articles 3 and 4.
It makes no difference, however, in the amount of plaintiff’s recovery whether the defendant be held liable directly for the stoppage, or be held liable under Articles 3 and 4 of the contract.
Plaintiff’s contract provided in substance in Article 3 that the contracting officer might make changes in the drawings and specifications of the contract within the general scope thereof, and also provided in substance in Article 4 that if the Government discovered in the progress of the work subsurface conditions at the site materially differing from those shown on the drawings or indicated in the specifications, the contracting officer could make such changes in the drawings and specifications as he might find necessary. But if it should be held that these provisions authorized the change in the contract which the contracting officer made, they do not relieve the defendant of responsibility, for the same articles also provided in substance that in the event the contracting officer should make a change in accordance therewith which increased the cost of the work or the time of its performance, that an equitable adjustment should be made with the contractor. The contracting officer did make an equitable adjustment with the building construction contractor increasing the price for building construction work in the amount of $68,360.50 for extra work and delay, but refused to make any adjustment with the plaintiff for increased costs notwithstanding plaintiff’s *106 objections and protests against his action and stated in substance that no adjustment could be made under the contract as no actual construction work had been performed by the plaintiff at the time the change was made. This decision was erroneous. If either Articles 3 or 4 are applicable under the facts in the case, the refusal of the contracting officer to make an adjustment was a violation of the contract and made the defendant liable to plaintiff for the injury or damage done by the change made. The measure of plaintiff’s recovery would then be the same as it would be if plaintiff was held directly liable for the stoppage of the work.
It has been urged as a defense to plaintiff’s action that the change made was not the fault of anyone but simply resulted from unforeseen conditions. I am of the opinion that the fact that the change made was necessary and that the cause thereof was unforeseen is no defense even if it should be held that it was not the fault of anyone that the defects in the site were not discovered earlier. See United States v. Thomas, 15 Wall. 337, 339, 348.
In my view, the defendant breached the contract in changing it to the injury and damage of plaintiff at a time when plaintiff was ready to perform it and would, if permitted, have completed it in accordance with the terms to which the parties had agreed. This is sufficient to entitle the plaintiff to recover.
Whaley, Chief Justice: I concur in the part of this opinion which holds that plaintiff is entitled to actual damages resulting from the stoppage of work by order of the defendant. I do not believe Articles 3 and 4 have any application.
Jones, Judge, concurs in this statement.

 The word “plaintiff” is used in this opinion as referring to either plaintiffs* predecessor or the nominal plaintiffs in the case.